IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION | § § § § § § § § § § | |
| | | CIVIL ACTION NO. 1:10-cv-00740-JRN |
| Plaintiff, | | |
| MARLEEN AND JOHN JANTZEN | | |
| Defendants. | | |
| | | JURY REQUESTED |

ORIGINAL ANSWER OF DEFENDANTS
MARLEEN AND JOHN JANTZEN

TO THE HONORABLE JUDGE PRESIDING:

Marleen and John Jantzen, defendants, respond to Plaintiff Security and Exchange Commission's Complaint as follows:

FIRST DEFENSE

On or about 1/11/2010 the Plaintiff engaged in an unlawful pattern and practice of leaking the personal financial information of the defendants to Dell Inc., Marleen Jantzen's employer by providing Dell counsel with a transcript of a personal and confidential call(s) between Marleen Jantzen and TDA resulting successfully in her termination. This was done in an attempt to quickly resolve its unfounded allegations of insider trading. On 1/11/2010 both the FBI and Dell counsel separately showed these transcripts to Marleen Jantzen during separate interrogations and both parties referred to these transcripts as well as discussed trading Dell and Perot equities during their interrogations. In addition, the FBI agent, Matt Gravelle, an agent of the SEC, publicly announced that Marleen Jantzen was guilty and that he did not believe her denial. Additionally, he tried to influence Dell counsel and Dell H.R. representative Amy Nelson, carrying on a public conversation in a public hallway, located in a Dell building in

Round Rock, Texas, building number RR2. This conversation occurred just outside of the conference room occupied by Marleen Jantzen. Such documents were required by regulation and SEC practice to be confidential until and unless a formal suit is filed. Such a suit had not been filed.

This incident occurred during an investigation by the SEC Inspector General of wrongdoing and neglect of the Fort Worth District Office, detailed later in its Report 526.

The SEC, unable to force a quick settlement by its interaction with Dell, employees and counsel for SEC served John Jantzen its Original Complaint at his place of employment during business hours, at the same time they also served Marleen at their home. There is no legal reason to spend the taxpayer's resources for such dual service when both could be served at the same residence. Furthermore, counsel for the SEC sent a Waiver of Service with a deadline for response that was two weeks after service was actually effected.

The SEC through its agents, employees and counsel did tortuously interfere with the employment relationship between Marleen and Dell and attempted to do so between John and Primerica his employer. The defendants seek damages for such tortuous conduct.

## SECOND DEFENSE

Marleen Jantzen was not provided non-public insider information on the timing of the acquisition of Perot Systems by Dell, as she was promptly removed from the working group list involved in the transaction, weeks prior to the Dell/Perot public announcement date of 9/21/2009.

On 7/22/09 Marleen Jantzen started looking for another job within Dell. Her direct manger, Don Mann agreed that she could do this and that she would not directly support him. On

9/3/2009 at 1:39 pm central time, a confidentially agreement was sent out via email, by Dell, to a specific list of Dell executives and their assistants, Don Mann being one of the executives. Marleen Jantzen was included on this email list in an error made by Dell, as she was no longer assisting Don Mann directly. On the same day and time as the confidentiality email went out, Marleen Jantzen was meeting with Dale Young, HR Director of Dell, who informed her that he had a new job position for her at Dell, which she accepted.

On 9/4/2009 Don Mann was in his Dell office and directly asked Marleen if she had seen the confidentially agreement. Marleen asked him why she had been included on the distribution list. Don Mann told Marleen that she should not have been part of the confidentiality agreement or the distribution list for the confidentially agreement and that he would send Janet Wright (the Dell sender/author of the email), an email notifying her of this and have her removed from the list and work group. On 9/4/2009 Don Mann sent Marleen an email stating that her transfer, change of cost center was done.

### THIRD DEFENSE

John Jantzen had reasonable, publically available information to support his decision to invest in the securities at issue here. Public information on Dell and Perot Systems collaboration dates back at least to April 2009 and Dell's involvement in Healthcare dates at least back to 2007.

## FORTH DEFENSE

John Jantzen's trades were done consistent with a written preplanned strategy which relied on generally available public information which not only resulted in profits but also losses. The actual trade of Dell and Perot Systems equities was executed as follows:

| DATE OF PURCHASE: | SECURITY: | COST: | SALE PRICE: | DATE OF SALE: | PROFIT/ LOSS: |
|---|---|---|---|---|---|
| 9/18/09 | 200 shares PER | $3586 | $5916 | 9/21/09 | $ 2,330 |
|  | 300 shares PER | $5374 | $8874 | 9/21/09 | $ 3,500 |
|  | 12 Jan 20 Call Perot | $1338 | $11,500 | 9/21/09 | $10,161 |
|  | 12 Oct 20 Call Perot | $ 679 | $11,500 | 9/21/09 | $10,821 |
|  | 15 Nov 18 Call Dell | $ 936 | 0 | expired | - $936 |
| 9/21/09 | 20 Oct 16 Call Dell | $1324 | $675 | 10/09/09 | -$650 |
|  | 20 Nov 17 Call Dell | $1364 | 0 | expired | -$1365 |
|  | 15 Nov 16 Call Dell | $1656 | 0 | expired | -$1656 |
| 9/22/09 | 12 Nov 17 Call Dell | $738 | 0 | expired | -$739 |
|  | 15 Nov 18 Call Dell | $531 | 0 | expired | -$531 |
| 10/28/09 | 50 Nov 16 Call Dell | $1047 | 0 | expired | -$1047 |
|  |  |  | NET TRANSACTION PROFIT |  | $19,888 |

The above trading is inconsistent with the allegations of the Plaintiff. The significant factors in this trading sequence are:

1. It is consistent with the analysis on approximately page 34 of John's stock notes Composition Book.
2. The purchase of Perot stock provides lower risk than buying options, but the same money could have purchased over four times the number of Oct 20 Call options of Perot Systems.
3. The Jan and Oct Perot Systems call options produced the same sale price, but the same dollars used for the Jan options could have purchased twice the number of Oct Call options.
4. The Dell Call Options were done to balance risk, but clearly if insider trading was being done, those dollars would be used differently. It is clear that many Dell Call Options were purchased after the announcement and that is consistent with the documented trade.
5. At the end of Sept 18, 2009, John's TDA account had purchase power of about $2,500.
6. Dell announced the acquisition of Perot Systems was complete on November 3, 2009.

## FIFTH DEFENSE

Plaintiff fails to state a cause of action upon which relief may be granted.

## SIXTH DEFENSE

Plaintiff claims are barred as it fails to establish that Marleen Jantzen was in the possession of material, non-public information concerning the timing of the acquisition.

## SEVENTH DEFEENSE

Plaintiff's Complaint merely alleges that John Jantzen relied on numerous sources/pieces of information without establishing any one piece of information as material and/or non-public.

## EIGHTH DEFEENSE

Plaintiff's Complaint is or may be barred by the doctrines of waiver, estoppels, statute of limitations and/or laches.

## ANSWERS TO PLAINTIFF'S ALLEGATIONS

Defendants deny the allegations contained in the bold headings B.C.D.E. F.

1. Defendants deny the allegations of paragraph 1 of the Original Complaint.
2. Defendants admit John Jantzen trading in shares in Perot Systems but deny all the other the allegations of paragraph 2 of the Original Complaint.

3. Defendants admit the Dell announcement was made but deny all other allegations of paragraph 3 of the Original Complaint.

4. Defendants admit John Jantzen made the sales of the Perot Systems stock and options but deny the remainder of the allegations of paragraph 4 of the Original Complaint.

5. Defendants deny the allegations of paragraph 5 of the Original Complaint.

6. Defendants deny the allegations of paragraph 6 of the Original Complaint.

7. Defendants deny the allegations of paragraph 7 of the Original Complaint.

8. Defendants admit that venue is proper in the Western District of Texas but deny the remainder of the allegations of paragraph 8 (first) of the Original Complaint.

**(Plaintiff's counsel numbered two paragraphs "8" contrary to the rules of proper pleading, making the answering of this complaint difficult. Thereafter, in this answer, the paragraph numbers here will not correspond to those in the Original Complaint.)**

9. Defendants admit the allegations of paragraph 8 (second) of the Original Complaint.

10. Defendants admit the allegations of paragraph 9 of the Original Complaint with the following exception: John Jantzen is age 71 and since April 1, 2010 his employer, Primerica Inc., has separated from Citi Group. He has had the title of: Independent Regional Vice President since April, 1992.

11. Defendants admit the allegations of paragraph 10 of the Original Complaint.

12. Defendants admit the allegations of paragraph 11 of the Original Complaint.

13. Defendants have no knowledge as to the truth of the allegations of paragraph 12 of the Original Complaint.

14. Defendants admit that Marleen Jantzen received the email message from which only parts were excerpted but deny the remainder of the allegations of paragraph 13 of the Original Complaint.

15. Defendants deny the allegations of paragraph 14 of the Original Complaint. The email in question clearly states "a "possible" acquisition "with" Eagle..." With means in conjunction with... it does not mean "of" Eagle.

16. Defendants admit the allegations of paragraph 15 of the Original Complaint.

17. Defendants deny the allegations of paragraph 16 of the Original Complaint.

18. Defendants admit that Marleen Jantzen received the email but deny the characterizations of a portion of its contents as recited in paragraph 17 of the Original Complaint.

19. Defendants admit the allegations concerning the email but deny the parenthetical comments of paragraph 18 of the Original Complaint.

20. Defendants have no knowledge as to the truth of the allegations of paragraph 19 of the Original Complaint.

21. Defendants deny the allegations of paragraph 20 of the Original Complaint.

22. Defendants deny the allegations of paragraph 21 of the Original Complaint.

23. Defendants admit that John Jantzen is a Registered Representative affiliated with PFSI – but deny all other allegations of paragraph 22 of the Original Complaint.

24. Defendants admit that John Jantzen knew of the employment of his wife by Dell but deny all the other allegations of paragraph 23 of the Original Complaint.

25. Defendants admit the allegations of paragraph 24 of the Original Complaint,

26. Defendants deny the allegations of paragraph 25 of the Original Complaint.

27. Defendants admit the allegations of paragraph 26 of the Original Complaint with the following clarification and qualifications:

a.) John Jantzen's TDA account is a Joint Tenants with Rights of Survivorship (JTWROS) account. .

b.) As of September 17, 2009 the JTWROS TDA account had a negative margin balance of $1,271.49 and held securities of approximately $5,000. Marleen Jantzen's account had a cash balance of approximately $5,500. Anything inconsistent from the above is denied.

28. Defendants deny the allegations of paragraph 27 of the Original Complaint.

29. Defendants admit the contacts with TDA but deny the remainder of the allegations of paragraph 28 of the Original Complaint.

30. Defendants admit the computer access but deny the remainder of the allegations of paragraph 29 of the Original Complaint.

31. Defendants admit the contact with TDA but deny the remainder of the allegations of paragraph 30 of the Original Complaint.

32. Defendants admit John Jantzen made the purchase of securities detailed therein but deny the remainder of the allegations of paragraph 31 of the Original Complaint.

33. Defendants admit the allegations of paragraph 32 of the original complaint.

34. Defendants admit the Dell announcement was made but deny all other allegations of paragraph 33 of the Original Complaint.

35. Defendants admit that John Jantzen made sales of the equities but deny the remainder of the allegations of paragraph 34 of the Original Complaint.

36. Defendants deny the allegations of paragraph 35 of the Original Complaint.

37. Defendants deny the allegations of paragraph 36 of the Original Complaint.

## ANSWER TO "FIRST CLAIM"

38. As to paragraph 37 defendants have responded to paragraphs 1-36 of the Original Complaint and incorporate those responses herein.

39. Defendants deny the allegations of paragraph 38 of the Original Complaint.

40. Defendants deny the allegations of paragraph 39 of the Original Complaint.

41. Defendants deny the allegations of paragraph 40 of the Original Complaint.

## ANSWER TO "SECOND CLAIM"

42. As to paragraph 41 defendants have responded to paragraphs 1-36 of the Original Complaint and incorporate those responses herein.

43. Defendants admit John Jantzen traded Perot and Dell equities but deny the remainder of the allegations of paragraph 42 of the Original Complaint.

44. Defendants deny the allegations of paragraph 43 of the Original Complaint.

## ANSWER TO "THIRD CLAIM"

45. As to paragraph 44 defendants have responded to paragraphs 1-36 of the Original Complaint and incorporate those responses herein and incorporate those responses herein.

46. Defendants admit that Marleen Jantzen was an employee of Dell but deny the remainder of the allegations of paragraph 45 of the Original Complaint.

47. Defendants deny the allegations of paragraph 46 of the Original Complaint.

## COUNTERCLAIM FOR TORTIOUS INTEFERRENCE

48. Marleen Jantzen, at all times relevant to this matter, was a long term trusted employee of Dell Inc. Her employment would in all likelihood have continued to a term of retirement many years hence.

49. The SEC, its employees and agents, acting under its direction, subpoenaed confidential personal financial documents and recordings of Marleen Jantzen from TDA. Such documents were required by regulation and SEC practice to be confidential until and unless a formal suit was filed.

50. The SEC, its employees and agents, intentionally and willfully released such confidential personal financial documents and recordings of Marleen Jantzen to employees and agents of her employer Dell.

51. The SEC, its employees and agents, knew or should have known that the release of these documents would likely result in her termination and employment relations with her employer Dell. Such termination occurred only days after the release of the information to Dell by the agents of the SEC.

52. Upon information and belief, the SEC, its employees and agents, transferred such confidential information to achieve a quick settlement of its allegations in this matter.

53. Upon information and belief, the SEC, it's employees and agents, and in particular those in the Fort Worth District Office, were under pressure from its superiors to produce results in light of an ongoing investigation by the SEC Inspector General. Its Report of Investigation No. 526 soundly criticized the SEC, it's employees and agents, and in particular the Fort Worth District Office for misconduct and lax enforcement concerning among other things, the 7 year investigation of the "Ponzi Scheme" of Alan Stanford which resulted in a fraud of more than $8 Billion.

54. In furtherance of this pattern of behavior counsel for the SEC in this matter mailed to counsel for the Defendants a request for waiver of service of the complaint and gave counsel a deadline of November 5th to file the waiver and avoid the public spectacle of service of process as is common practice in these Federal courts. Nevertheless, Plaintiff counsel ordered service of the complaint two weeks earlier than the waiver deadline upon John Jantzen at his place of work during work hours in order to pressure a settlement and adversely affect his employment. At the same time he was served, Marleen Jantzen was served at the Jantzen home. It is unreasonable to take the effort to serve papers at two locations upon two married individuals when they could both be served at the family home. Such was done in an attempt to tortuously interfere with the employment of John Jantzen.

55. Marleen Jantzen's salary at the pertinent time was $62,000 per her 2009 W2, annually. Employment benefits can be reasonably estimated at 25% of salary. Her estimated annual benefit from employment at the time of her employment was therefore in excess of $76,000. She would have been able to continue her employment until the mandatory retirement age of 65 years or another 11 years. Her loss from the tortuous interference of the SEC, its employee and agents, exceeds $1,000,000 for which she now sues.

56. Additionally, upon information and belief, the SEC, its employees and agents involved themselves with the unemployment claim of Marleen Jantzen, communicating to Dell employees and agents, their position concerning the testimony of witnesses before the Texas Workforce Commission. Such was done consistent with the Plaintiff's goal of a quick settlement of the allegations contained herein.

57. The Texas Workforce Commission determined that the termination of Marleen Jantzen by Dell was "not for cause."

## CLAIM FOR ATTORNEYS FEES AND COSTS

58. Defendants move this court to award them attorney's fees and costs as the prevailing party in the instant suit.

## REQUEST FOR JURY TRIAL

John and Marleen Jantzen assert their rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

## PRAYER FOR RELIEF

Defendants Marleen and John Jantzen pray that plaintiff take nothing by its suit, that it be awarded damages consistent with its counterclaim and that defendants receive their costs.

Respectfully submitted,

_____
Larry G. Black
Law Office of Larry Black
7039 Comanche Trail
Austin, Texas 78732
(512) 402-1745
(512) 402-1747 (Fax)
State Bar No. 02384300
lblack@larryblacklaw.com

**ATTORNEY FOR DEFENDANTS
MARLEEN AND JOHN JANTZEN**

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of December 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Jennifer D. Brandt
Toby Galloway
United States Securities and Exchange Commission
Fort Worth Regional Office
Burnett Plaza, Suite 1900
801 Cherry Street, Suite 1900
Fort Worth, TX 76102-6882

Additionally the foregoing was sent via electronic mail to counsel above consistent with our agreement to include email in our service of papers in this matter.

_____
Larry G. Black