UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

_____

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

v.                                  Civil Action No. 1:10-cv-00740-JRN

MARLEEN JANTZEN and JOHN JANTZEN,

        Defendants.

_____

## PLAITNIFF'S MOTION TO STRIKE DEFENDANT MARLEEN JANTZEN'S COUNTERCLAIM AND CERTAIN OF DEFENDANTS' AFFIRMATIVE DEFENSES AND BRIEF IN SUPPORT

Respectfully submitted by:

Jennifer D. Brandt
Texas Bar No. 00796242
Toby M. Galloway
Texas Bar No. 00790733
United States Securities and Exchange Commission
Fort Worth Regional Office
801 Cherry Street, 19th Floor
Fort Worth, TX  76102-6882
Phone: (817) 978-6442 (jb)
Fax: (817) 978-4927
*brandtj@sec.gov*

# TABLE OF CONTENTS

Table of Contents ................................................................................................................. i

Table of Authorities ......................................................................................................ii-v

SUMMARY OF ARGUMENT…. .....................................................................................1

FACTUAL BACKGROUNG ..............................................................................................2

ARGUMENT AND LEGAL AUTHORITES ....................................................................3

    A.    Defendant's Counterclaims For Tortious Interference and Attorney's Fees and Costs Are Statutorily Barred and Should be Stricken .............................................3

    B.    The Court Should Strike Defendants' First, Second, Third, Sixth, Seventh, and Eighth Defenses Because They are Immaterial, Frivolous, and/or Impertinent .........5

        1.    The Court Should Strike Defendants' First Defense Because It Is Tied To A Counterclaim That Is Statutorily Barred, And It Is Immaterial, Impertinent, and Scandalous ..................................................................6

        2.    The Court Should Strike Defendants' Second, Third, Sixth, and Seventh Defenses Because They Are Superfluous, Frivolous, and Improper Affirmative Defenses .................................................................................7

        3.    The Defenses Raised in Defendants' "Eighth Defense" Should Be Stricken Because They Have No Basis in Fact of Law and Are Patently Frivolous in the Context of this Litigation................................................9

            a.    The Doctrines of Waiver, Estoppel, and Laches Do Not Apply in SEC Enforcement Actions ................................................................9

            b.    Statute of Limitations is a Frivolous Defense in this Litigation ....10

CERTIFICATE OF CONFERENCE................................................................................11

CONCLUSION AND PRAYER FOR RELIEF ......................................................... 11-12

## TABLE OF AUTHORITIES

### FEDERAL CASES

*Chevron Inc. v. United States*,
  705 F.2d 1487 (9th Cir. 1983) ..................................................................................9

*Clark v. Milam*,
  152 F.R.D. 66 (S.D. W.Va. 1993)..............................................................................8

*Costello v. United States*,
  365 U.S. 265 (1961)...................................................................................................9

*FDIC v. Haines*,
  3 F. Supp. 2d 155, 166 (D. Conn. 1997)................................................................7, 8

*Flav-O-Rich v. Rawson Food Serv., Inc.*,
  846 F.2d 1343 (11th Cir. 1988) .................................................................................8

*Gwin v. Curry*,
  161 F.R.D. 70 (N.D. Ill. 1995)...................................................................................7

*Hadar v. Concordia Yacht Builders, Inc.*,
  886 F. Supp. at 1082 (S.D.N.Y. 1995)...................................................................7, 8

*Kaiser Aluminum, Etc., v. Avondale Shipyards, Inc.*,
  677 F.2d 1045 (5th Cir. 1982) ...................................................................................5

*Marino v. Otis Engineering Corp.*,
  839 F.2d 1404 (10th Cir. 1988) .................................................................................7

*Parklane Hosiery Co. Inc. v. Shore*,
  439 U.S. 322 (1979)...................................................................................................4

*SEC v. AmeriFirst Funding, Inc.*,
  2010 WL 997388 (N.D. Tex. Mar. 18, 2010) ............................................................3

*SEC v. Better Life Club of America, Inc.*,
  995 F. Supp. 167 (D.D.C. 1998) ................................................................................4

*SEC v. Blavin*,
  557 F. Supp. 1304 (E.D. Mich. 1983), *aff'd*, 760 F.2d 706 (6th Cir. 1985) ..................9

*SEC v. Culpepper*,
  270 F.2d 241 (2d Cir. 1959)......................................................................................9

*SEC v. Egan*,
   856 F. Supp. 398 (N.D. Ill. 1992) ................................................................................11

*SEC v. Electronics Warehouse, Inc.*,
   689 F. Supp. 53 (D. Conn. 1988), *aff'd*, 891 F.2d 457 (2nd Cir. 1989), *cert.
   denied*, 496 U.S. 942 (1990) ........................................................................4, 5, 9, 10

*SEC v. Gulf & Western Industrial*,
   502 F. Supp. 343 (D.C. Cir. 1980) ................................................................................9

*SEC v. Hayes*,
   1991 WL 236846, Fed. Sec. L. Rep. (CCH) ¶ 96,236 (N.D. Tex. 1991) ....................10

*SEC v. Keating*,
   1992 U.S. Dist. LEXIS 14630 (C. D. Cal. 1992)..........................................5, 9, 10, 11

*SEC v. Lorin*,
   869 F. Supp. 1117 (S.D.N.Y. 1994)............................................................................11

*SEC v. Lorin*,
   1991 WL 155767 (S.D.N.Y. 1991)................................................................................4

*SEC v. McCaskey*,
   56 F. Supp. 2d 323 (S.D.N.Y. 1999).........................................................................4, 5

*SEC v. Rind*,
   991 F.2d 1486 (9th Cir. 1993) ....................................................................................11

*SEC v. Schiffer*,
   1998 WL 226101, Fed. Sec. L. Rep. (CCH) ¶ 90,213, (S.D.N.Y. 1998) ....................11

*SEC v. Thrasher*,
   1995 WL 456402 (S.D.N.Y. 1995)................................................................................5

*SEC v. Toomey*,
   866 F. Supp. 719 (S.D.N.Y. 1992) ..........................................................................5, 11

*SEC v. Tsukuda-America, Inc.*,
   2010 WL 1050971, Fed. Sec. L. Rep. (CCH) ¶ 95,645 (N.D. Tex. Mar. 22,
   2010) .............................................................................................................................3

*SEC v. Wealth Management LLC*,
   2009 WL 3765395 (E.D. Wisc. Nov. 9, 2009) .............................................................3

*SEC v. Wozniak*,

  1993 U.S. Dist. LEXIS 1241 (N.D. Ill. Feb. 8, 1993) .................................................. 4

*Schweiker v. Hansen*,
  450 U.S. 785 (1981) .................................................................................................. 9

*United States v. Summerlin*,
  310 U.S. 414 (1939) .................................................................................................. 9

*Vokal v. U.S.*,
  177 F.2d 619 (9th Cir. 1949) .................................................................................... 5

*Zivkovic v. Southern California Edison Co.*,
  302 F.3d 1080 (9th Cir. 2002) .................................................................................. 8

## FEDERAL RULES AND STATUTES

Fed. R. Civ. P. 4(d)(2) .................................................................................................. 6

Fed. R. Civ. P. 4(i) ................................................................................................... 1, 3

Fed. R. Civ. P. 11 .......................................................................................................... 7

Fed. R. Civ. P. 11(c) ................................................................................................ 5, 6

Fed. R. Civ. P. 12(b) ..................................................................................................... 1

Fed. R. Civ. P. 12(f) .............................................................................................. 1, 5, 7

Section 21(g) of the Securities and Exchange Act of 1934 [15 U.S.C. § 78u(g)] ... 1, 3, 4, 5

Section 21A(d)(5) of Securities Exchange Act of 1934 [28 U.S.C. § 78u-1(d)(5)] .......... 11

Section 22(a) of the Securities Act of 1933 [15 U.S.C. § 77v(a)] ...................................... 3

Section 27 of the Securities and Exchange Act of 1934 [15 U.S.C. § 78aa] ...................... 3

Plaintiff Securities and Exchange Commission ("Plaintiff" or "SEC") files this Motion to Strike Defendant Marleen Jantzen's Counterclaims and Certain of Defendants' Defenses and Brief in Support against Defendants Marleen Jantzen and John Jantzen (together, "Defendants") and in support thereof respectfully shows as follows:

## SUMMARY OF THE ARGUMENT

The SEC moves the Court to strike Defendant Marleen Jantzen's counterclaims[1] because counterclaims filed in SEC enforcement actions are barred by Section 21(g) of the Securities Exchange Act of 1934.  15 U.S.C. § 78u(g).  As detailed herein, Defendant Marleen Jantzen has not served her counterclaims on the SEC in accordance with, and as required by, FED. R. CIV. P. 4(i).  However, the SEC moves to strike the counterclaims in advance of effected service because, even if Defendants cure this procedural defect, the counterclaims are statutorily barred and must be stricken from the pleadings.[2]

In addition, pursuant to Fed. R. Civ. P. 12(f), the SEC moves to strike all of Defendants' purported "defenses" contained in Defendants' Answer [Docket No.6], *except* for the fourth defense (John Jantzen's trades were pursuant to a written, preplanned strategy) and fifth defense (failure to state a cause of action upon which relief may be granted) because the defenses either: are tied to the counterclaim that is barred by statute; are immaterial, impertinent, and scandalous;

---

[1]  The "Counterclaim" section contained within Defendants' Answer, Court Docket No. 6, is so vague and unspecific that it is not apparent from the face of the document which of the Defendants is bringing the counterclaim and/or against whom the claims are made.  The counterclaim contains no information on the parties and merely refers vaguely in its allegations to "the SEC, its employees and agents."  A notation on the Court's docket sheet next to Docket No. 6 indicates that the clerk's entry regarding the counterclaimants was "modified on 12/2/2010 to remove John Jantzen as counterclaim plaintiff per telephone w/counsel."  The claim for attorneys fees and costs purports to be brought by both defendants (using the plural "Defendants"), but there is no factual basis in the pleadings to support a claim for fees and costs by John Jantzen.  Thus, based on that fact and the clerk's notation, for purposes of this Motion, the SEC assumes that the counterclaimant is Marleen Jantzen and that she is suing only the SEC, and not any individuals within the agency.  Either way, both claims should be stricken regardless of which Defendant is alleging them, and it does not change the analysis for purposes of this motion to strike.

[2]  In the event the Court denies the SEC's motion to strike, the SEC will file a motion to dismiss the counterclaims under Rule 12(b) within the applicable time period following service of process in accordance with the Federal Rules of Civil Procedure.

*SEC v. Marleen Jantzen and John Jantzen*                                                                                                                 Page 1
PLAINTIFF'S MOTION TO STRIKE COUNTERCLAIMS AND DEFENSES

raise no question of law or fact that would allow the defenses to proceed; are not warranted by existing law and thus patently frivolous; and/or merely deny liability and therefore, are superfluous and improper.

## FACTUAL BACKGROUND

On October 5, 2010, the SEC filed this enforcement action against Defendants, alleging that Defendants violated the federal securities laws by engaging in illegal insider trading in the securities of Perot Systems Corp. ("Perot Systems") in the days surrounding the September 21, 2009 public announcement that Dell Inc. ("Dell") would acquire Perot Systems through a tender offer transaction. Marleen Jantzen was an employee of Dell who, in the course of her duties, learned material, nonpublic information about the impending acquisition and, in breach of her duties to Dell, tipped her husband, John Jantzen. The SEC seeks against Defendants an injunction from future securities law violations, as well as monetary and equitable relief.

On December 2, 2010, Defendants filed an answer, in which Marleen Jantzen asserts counterclaims against the SEC for "tortious interference," seeking damages, and for attorney's fees and costs. The crux of Defendant's tortious interference counterclaim is that the "SEC, its employees and agents" engaged in a pattern of misconduct by allegedly releasing to individuals at Dell confidential financial documents of Marleen Jantzen's obtained during the SEC's insider trading investigation in an effort to "achieve a quick settlement." [Doc. 6 at pp. 11-12.] Marleen Jantzen alleges that this purported staff misconduct interfered with her business relationship with Dell and caused her and her husband financial harm after Dell fired her. [Doc. No. 6 at ¶¶ 50-52.] She also alleges a counterclaim for "attorney's fees and costs as the prevailing party in the instant suit," although no factual or legal basis for such claim appears in the pleading.

Defendant has not served her counterclaims against the SEC on the United States attorney or his designee in the Western District of Texas as required by Fed. R. Civ. P. 4(i). Nor has she served the United States Attorney General. The certificate of conference attached to the pleading states only that counsel "electronically filed the foregoing [Answer and Counterclaim] with the Clerk of Court using the CM/ECF system" and that he sent the document "via electronic mail to counsel [for the SEC] . . . ."

## ARGUMENT AND LEGAL AUTHORITIES

**A.    Defendant's Counterclaims For Tortious Interference and Attorney's Fees and Costs[3] Are Statutorily Barred and Should be Stricken.**

Section 21(g) of the Securities Exchange Act of 1934 functions as an absolute bar against the consolidation of counterclaims in SEC enforcement proceedings where the SEC does not consent. Specifically, the statute provides:

> Notwithstanding the provisions of section 1407(a) Title 28, or any other provision of law, no action for equitable relief instituted by the Commission pursuant to the securities laws shall be consolidated or coordinated with other actions not brought by the Commission, even though such other actions may involve common questions of fact, unless such consolidation is consented to by the Commission.

15 U.S.C. § 78u(g). As the SEC does not consent to any such consolidation here, Defendant's counterclaims are barred. *See SEC v. Tsukuda-America, Inc.,* 2010 WL 1050971 at *1, Fed. Sec. L. Rep. (CCH) ¶ 95,645 (N.D. Tex. Mar. 22, 2010).

Courts have referred to Section 21(g) as an "impenetrable wall," as the statute applies no equitable considerations or balancing and is rigidly enforced by the courts. *See SEC v. Wealth*

---

[3]   In addition to the fact that the counterclaim claim for attorney's fees and costs is statutorily barred as an impermissible counterclaim, the claim is also inappropriate here for other reasons. First, Congress has expressly prohibited the award of costs in SEC enforcement actions. *See* Section 27 of the Securities and Exchange Act of 1934 [15 U.S.C. § 78aa] and Section 22(a) of the Securities Act of 1933 [15 U.S.C. § 77v(a)]. These provisions are absolute and allow for no exception. Second, as to attorney fees, the Equal Access to Justice Act (which the counterclaim does not mention) authorizes the recovery of attorney fees as an exception to the sovereign immunity doctrine, which doctrine applies here, *only* where a defendant prevails in an SEC enforcement action *and* the government's case is shown to have not been substantially justified both in fact and law. *See SEC v. AmeriFirst Funding, Inc.,* 2010 WL 997388 (N.D. Tex. Mar. 18, 2010). Clearly, such circumstances are not present here.

*Management LLC*, 2009 WL 3765395, *2 (E.D. Wisc. Nov. 9, 2009) ("Section 21(g) acts as an 'impenetrable wall.'"); *SEC v. Wozniak*, 1993 U.S. Dist. LEXIS 1241 at *1 (N.D. Ill. Feb. 8, 1993) (stating that, without the SEC's consent, Section 21(g) is an "impenetrable wall"); *see also Parklane Hosiery Co. Inc. v. Shore*, 439 U.S. 322, 332 n.17 (1979) ("consolidation of a private action with one brought by the SEC without its consent is prohibited by statute"); *SEC v. McCaskey*, 56 F. Supp. 2d 323 (S.D.N.Y. 1999) (same); *SEC v. Better Life Club of Am., Inc.*, 995 F. Supp. 167, 179-80 (D.D.C. 1998) ("Section 21(g) 'bars, among other things, a defendant's counterclaims'"); *SEC v. Lorin*, 1991 WL 155767, *1 (S.D.N.Y. 1991) ("[T]he language of [Section 21(g)] is broad enough to bar counterclaims."); *SEC v. Electronics Warehouse, Inc.*, 689 F. Supp. 53, 71-72 (D. Conn. 1988), *aff'd*, 891 F.2d 457 (2nd Cir. 1989), *cert. denied*, 496 U.S. 942 (1990) (counterclaim barred by Section 21(g)).

The purpose of Section 21(g) is to "ensure speedy resolution of SEC enforcement actions. . . . [Courts employ Section 21(g)] to dismiss . . . counterclaims because such additional claims protract litigation." *McCaskey*, 56 F. Supp. 2d at 325. Permitting Marleen Jantzen to raise her purported counterclaim would undermine the stated purpose of Section 21(g), as consideration of the claim would inject into this litigation myriad issues completely unrelated to whether this Court should enjoin Defendants from violating the securities laws, such as immunity or the appropriate relief.[4] None of the issues raised in her counterclaim even arise under the federal securities laws, and discovery and trial of those claims has nothing to do with the legal and factual issues raised by the SEC's injunctive action brought to redress Defendants' illegal insider trading. To the extent the Defendant's counterclaims were able to survive a motion to dismiss

---

[4] In addition to the fact that Defendant filed a counterclaim that is expressly barred by statute, Jantzen's vague, unsubstantiated allegations of misconduct by Commission staff are both frivolous and abusive, and were presented solely for improper purposes without performing even a modicum of due diligence to investigate the claim. The SEC reserves its right to raise these issues in a separate Motion for Sanctions pursuant to Fed. R. Civ. P. 11(c).

(and they should not), Defendants and the SEC could be required to take depositions and conduct discovery of third-parties on matters completely unrelated to the underlying enforcement action. The parties could also be required to introduce, at trial, testimony on these unrelated issues. Thus, the net effect of permitting defendants to maintain their claims in this action would be to expand significantly the issues before the Court, and impermissibly delay the SEC's law enforcement efforts in direct contravention of Section 21(g).

Therefore, the Court should strike Defendant's counterclaims for tortious interference and for attorney's fees and costs.

**B.     The Court Should Strike Defendants' First, Second, Third, Sixth, Seventh, and Eighth Defenses Because They are Immaterial, Frivolous, and/or Impertinent.**

Rule 12(f) of the Federal Rules of Civil Procedure allows the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). A motion to strike a defense pursuant to Fed. R. Civ. P. 12 (f) is proper "when the defense is insufficient as a matter of law." *Kaiser Aluminum, Etc., v. Avondale Shipyards, Inc.,* 677 F. 2d 1045, 1057 (5th Cir. 1982); *SEC v. Keating,* 1992 U.S. Dist. LEXIS 14630, at *4 (C. D. Cal. 1992) (*quoting Vokal v. U.S.,* 177 F.2d 619, 623 (9th Cir. 1949)); *see also McCaskey,* 56 F.Supp.2d at 326 (stating that a plaintiff may prevail on a motion to strike by showing that there is no question of fact or law which might allow the defense to proceed and that the plaintiff would be prejudiced by inclusion of the defense). The motion should be granted where it is clear that the affirmative defense is irrelevant and frivolous and its removal from the case would avoid wasting unnecessary time and money in litigating the invalid defense. *See, e.g., Electronics Warehouse,* 689 F. Supp. at 73; *SEC v. Thrasher,* 1995 WL 456402, *5 (S.D.N.Y. 1995); *SEC v. Toomey,* 866 F. Supp. 719, 722, 725 (S.D.N.Y. 1992).

The Defendants here plead a series of meritless defenses to the SEC's complaint, none of which presents a substantial question of fact or law. To the contrary, each of the defenses subject to this motion is expressly barred by law and/or patently frivolous and improper in the context of this case, and litigating these defenses would be a waste of time and money. For the reasons stated herein, each should be ordered stricken from the Defendants' answer.

> 1.  *The Court Should Strike Defendants' First Defense Because It Is Tied To A Counterclaim That Is Statutorily Barred, And It Is Immaterial, Impertinent, and Scandalous.*

Defendants' first purported "defense" is a page-and-a-half compilation of arguments that variously: (1) repeat Marleen Jantzen's improper Counterclaim, which is statutorily barred and cannot be brought in this enforcement action, as detailed above; (2) shamelessly and gratuitously reference a wholly unrelated internal, SEC Inspector General ("IG") investigation (and improperly characterize the investigation to which they refer) without any attempt to tie the IG investigation to the allegations or underlying lawsuit in any relevant manner whatsoever; and (3) takes issue with the fact that, after Defendants' counsel refused the SEC's request to waive service of process on the Defendants, the SEC served the Defendants with process without allowing the 30 day period of the request (which had been denied) to first expire.[5] The service issue seems to revolve around the bold fact that Defendants would have preferred to have been served together, at their home, after business hours. Specifically, Defendants make the audacious claim that "[t]here is *no legal reason* to spend the taxpayer's resources for such dual service when both could be served at the same residence" (emphasis added). [*See* Doc. 6 at p. 2.] While, of course, Plaintiff is legally required to serve the Defendants with process, there would

---

[5] Although counsel for the Defendants denied the SEC's waiver of service request, requiring the SEC to incur the cost of hiring a process server, the SEC has not yet sought the reimbursement of fees and expenses associated with service, as permitted by the Rules. *See* Fed. R. Civ. P. 4(d)(2). The SEC reserves its right to include this issue, and other issues raised by the unsubstantiated, impertinent, and scandalous allegations in Defendants' First Defense in a separate Motion for Sanctions under Rule 11(c).

be no reason for the agency to incur the costs associated with service if the Defendants would have accepted service when requested as the Rules expressly require.

Defendants' attempt to muddy the SEC with unsubstantiated allegations and running commentary made in the disguise of an affirmative defense to the Commission's complaint is not only improper per the plain reading of Fed. R. Civ. P. 12(f), but also is violative of Rule 11 (which argument the SEC reserves the right to raise in a separate motion as required by Fed. R. Civ. P. 11). In addition, the purported defense is nothing more than a reiteration of the allegations raised in Marleen Jantzen's counterclaim, which she is statutorily barred from bringing in this SEC enforcement action. For these reasons, Defendants' "First Defense" must be stricken.

> 2. *The Court Should Strike Defendants' Second, Third, Sixth, and Seventh Defenses Because They Are Superfluous, Frivolous, and Improper Affirmative Defenses.*

A proper affirmative defense, "if accepted by the court, will defeat an otherwise acceptable claim for relief. Each defendant either expressly or impliedly treats the factual allegations in a complaint as true, but then goes on to assert a new matter that eliminates or limits the defendant's ordinary liability stemming from those allegations." *FDIC v. Haines*, 3 F.Supp.2d 155, 166 (D. Conn. 1997) (quoting *Gwin v. Curry*, 161 F.R.D. 70, 71 (N.D. Ill. 1995)).

"[A] defense is not affirmative where it 'merely negates an element of the plaintiff's *prima facie* case.'" *Hadar v. Concordia Yacht Builders, Inc.*, 886 F. Supp. 1082, 1089 (S.D.N.Y. 1995) (quoting *Marino v. Otis Eng'g Corp.*, 839 F.2d 1404, 1407 (10th Cir. 1988)). A defense that merely denies liability or asserts the plaintiff cannot prove some element of its case is not an affirmative defense and is therefore appropriate for a motion to strike. *See Clark v.*

*Milam*, 152 F.R.D. 66, 73 (S.D. W.Va. 1993) (striking defenses such as no duty, no proximate cause, speculative damages, no participation in RICO enterprise, and no RICO enterprise alleged as "superfluous" and "merely denials of liability and assertions that Plaintiff cannot establish a *prima facie* case"); *Hadar*, 886 F. Supp. at 1089 (striking defense that defendant did not manufacture product alleged to be defective since that was an element of plaintiff's *prima facie* case); *Haines*, 3 F.Supp.2d at 166 (striking defense of intervening causes and others as mere denials of liability); *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080 (9th Cir. 2002) (noting that "[a] defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense"); *Flav-O-Rich v. Rawson Food Serv., Inc*., 846 F.2d 1343, (11th Cir. 1988) (stating that a defense pointing out a defect in a *prima facie* case is not an affirmative defense).

    Defendants' second defense (that Marleen Jantzen was not in possession of insider information) and third defense (that John Jantzen did not trade on the basis of nonpublic information) merely deny an element of the SEC's insider trading claim and, as such, are superfluous and improper. Likewise, Defendants' sixth defense (that the SEC hasn't established that Marleen Jantzen was in possession of insider information) and seventh defense (challenging the SEC's ability to prove insider trading as to John Jantzen) are mere assertions that the SEC cannot establish a *prima facie* case. These denials and assertions are not affirmative defenses, and they must be stricken. Striking the defenses will not affect Defendants' ability to raise these issues, since they are elements the Commission must prove as part of its case. Defendants will be able to argue—without their superfluous and improper affirmative defenses—that the Commission cannot prove the elements of its case.

> 3.  **The Defenses Raised in Defendants' "Eighth Defense" Should Be Stricken Because They Have No Basis in Fact or Law And Are Patently Frivolous in the Context of this Litigation.**
>
>     a.  *The Doctrines of Waiver, Estoppel, and Laches Do Not Apply in SEC Enforcement Actions.*

Equitable defenses against government agencies are strictly limited. *Electronics Warehouse,* 689 F. Supp. at 73 (*citing Schweiker v. Hansen,* 450 U.S. 785 (1981)). As a matter of law, the SEC is not subject to the traditional equitable defenses of waiver, estoppel, and laches. *See, e.g., SEC v. Culpepper*, 270 F.2d 241, 248 (2d Cir. 1959) ("It has often been said that the Commission may not waive the requirements of an act of Congress nor may the doctrine of estoppel be invoked against the Commission") (internal quotations omitted). The SEC is not subject to estoppel. *See, e.g., SEC v. Keating*, Fed. Sec. L. Rep. (CCH) ¶ 96,906 (C.D. Cal. July 23, 1992), 1992 U.S. Dist. LEXIS 14630, at *8-9 (citing cases and imposing Rule 11 sanctions where the defendants asserted "laches" and "estoppel" as affirmative defenses in Commission enforcement action); *see also SEC v. Blavin*, 557 F. Supp. 1304, 1310 (E.D. Mich. 1983), *aff'd*, 760 F.2d 706 (6th Cir. 1985) ("There is no estoppel against the SEC in enforcement actions. . . . The Government cannot be estopped from bringing an action in the public interest simply because of alleged misconduct by one or more of its agents."). Similarly, "the government in general . . . and the SEC in particular are not subject to a defense of laches." *Keating,* 1992 U.S. Dist. LEXIS 14630, at *7 (citing *United States v. Summerlin*, 310 U.S. 414, 416 (1939)); *see also Costello v. United States*, 365 U.S. 265, 281 (1961); *Chevron Inc. v. United States*, 705 F.2d 1487, 1491 (9th Cir. 1983); *SEC v. Gulf & Western Indus.*, 502 F. Supp. 343, 348 (D.C. Cir. 1980)). Finally, "the SEC cannot be held to have waived its right of action." *Keating,* 1992 U.S. Dist. LEXIS 14630, at *9 (citing cases).

The only exception to the general rule against the assertion of equitable estoppel against the government involves "egregious misconduct" by the government. An equitable affirmative defense may stand only if it involves affirmative acts by the government of constitutional magnitude, and resulting prejudice to the defendant. "Where courts have permitted equitable defenses to be raised against the government, they have required that the agency's conduct be egregious and the resulting prejudice to the defendant rise to a constitutional level." *Electronics Warehouse,* 689 F. Supp. at 73 (denying motion to supplement pleadings to add equitable defenses and finding no nexus between the Commission's allegations of securities fraud and Defendant's allegations of misconduct by agents of the Commission).  That exception does not apply here, because Defendants' equitable estoppel defense does not allege affirmative misconduct by the SEC on any constitutional level.  Even if the claim were allowed, which it should not be, Defendants have plead **no** factual allegations that would support such a claim.

In short, the defenses have no basis in fact, and there is no question of law which might allow Defendants' equitable defenses to succeed.  Moreover, allowing the defenses to remain would prejudice the SEC by needlessly lengthening and complicating the discovery process and trial of this matter.  For all of these reasons, the defenses of waiver, estoppel, and laches must be stricken.  *See, e.g., SEC v. Hayes*, 1991 WL 236846, at *1-2 (N.D. Tex. 1991), Fed. Sec. L. Rep. (CCH) ¶ 96,236 (granting SEC motion to strike equitable defenses).

### b. *Statute of Limitations is a Frivolous Defense in this Litigation.*

It is well-settled that no statute of limitations applies to the SEC's claims for injunctive relief and disgorgement, because no statute of limitations bars an action brought by a federal agency for public purposes unless Congress has expressly imposed one, and it has not done so here. *See, e.g., SEC v. Rind,* 991 F.2d 1486 (9th Cir. 1993) (affirming order granting SEC

motion to strike statute of limitations defense); *SEC v. Schiffer* 1998 WL 226101, Fed. Sec. L. Rep. (CCH) ¶ 90,213 (S.D.N.Y. 1998) (stating that "the SEC asserts and [defendant] concedes that the statute of limitation is not applicable to equitable remedies under the securities laws"); *SEC v. Lorin,* 869 F. Supp. 1117 (S.D.N.Y. 1994) (granting SEC motion to strike); *SEC v. Toomey,* 866 F. Supp. 719, 725 (S.D.N.Y. 1992) (same); *SEC v. Egan,* 856 F. Supp. 398, 399-400 (N.D. Ill. 1992) (same); *Keating,* 1992 U.S. Dist. LEXIS 14630, at *9 (granting SEC motion to strike and imposing Rule 11 sanctions on defendant).

The SEC's claims for civil penalties pursuant to Section 21A of the Exchange Act are governed by the five year limitation period of 28 U.S.C. § 78u-1(d)(5) (five years from the date of the purchase or sale of securities). The purchases or sales of the securities which form the basis for the SEC's claims occurred during September 2009. *See* Complaint at ¶¶ 1, 2, 13. The SEC filed its complaint on October 5, 2010. The SEC's claims for civil penalties are thus well within the five year limitation period of 28 U.S.C. § 78u-1(d)(5). Therefore, Defendants' statute of limitations defense is frivolous and should be stricken.

## CERTIFICATE OF CONFERENCE

The undersigned counsel certifies that on December 13- 14, 2010, she conferred with Larry Black, counsel for Defendants, about this motion and the relief requested herein. Mr. Black indicated that he was unable to consider the motion for several days and could not state whether or not he would be opposed before reviewing the document. Therefore, this motion is presented as opposed.

## CONCLUSION AND PRAYER FOR RELIEF

For the foregoing reasons, the SEC respectfully requests that the Court grant Plaintiff's motion and: (1) strike Defendant Marleen Jantzen's counterclaims for tortious interference and

attorney's fees/costs; (2) strike the Defendants' first, second, third, sixth, seventh, and eighth defenses; and (3) award Plaintiff such other relief as to which it may be entitled.

Dated: December 14, 2010            Respectfully submitted,

        *s/ Jennifer D. Brandt*
        Jennifer D. Brandt
        Texas Bar No. 00796242
        Toby M. Galloway
        Texas Bar No. 00790733
        United States Securities and Exchange Commission
        Fort Worth Regional Office
        801 Cherry Street, 19th Floor
        Fort Worth, TX 76102-6882
        Phone: (817) 978-6442 (jb)
        Fax: (817) 978-4927
        *brandtj@sec.gov*