IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION | § § § | |
| V. | § § | A-10-CA-740-JRN |
| MARLEEN AND JOHN JANTZEN | § § | |

## ORDER

Before the Court are Plaintiff's Motion to Strike Defendant Marleen Jantzen's Counterclaim and Certain of Defendants' Affirmative Defenses (Clerk's Doc. No. 8); Defendants Marleen and John Jantzen's Motion to Extend Time (Clerk's Doc. No. 10); and Plaintiff's Response in Opposition to Defendants' Request for Extension (Clerk's Doc. No. 11). On December 16, 2010, the District Court referred the motion to the undersigned Magistrate Judge for a determination pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

### I.      The Jantzens' Response

According to Rule 7(d) of the Local Rules of the United States District Court for the Western District of Texas, responses shall be filed within eleven days of service of the motion. If the opposing party fails to respond, "the Court may grant the motion as unopposed." In this case, when it came to the Court's attention that the motion as issue had not been responded to weeks after the response was due, the Court directed the Clerk's Office to confirm that the Jantzens' attorney had received the motion because the SEC's motion failed to include a certificate of service. The Clerk's Office informed the Court that because the motion was filed electronically via CM/ECF, it would

automatically have been sent to Mr. Black via the CM/ECF system, and that the electronic CM/ECF receipt reflects that the motion was e-mailed to Black on December 14, 2010, at 3:42 p.m.

The Clerk's Office nevertheless contacted Black on January 20, 2011, to confirm that he had received the motion, and he ultimately confirmed that he had done so.  In part of this e-mail exchange, Black indicated to the deputy clerk that he wished to have an extension of his deadline to respond (which had passed on December 28, 2010).  The clerk informed Black that the Court could not receive such requests via e-mail, and that he would need to file a motion with the Court requesting that relief.  On January 21, 2011, Black filed his Motion to Extend Time, requesting that the deadline be extended until February 4, 2011, due to his participation in a jury trial in state court. Prior to filing the extension request Black sent an e-mail to counsel for the SEC, seeking their agreement to the request.  That e-mail states, in part, that "[t]he clerk for the WD of TX asked me to file a request for extension so we can get the issues raised in your motion briefed and before the court."  This misrepresented the facts.  As noted, the Clerk contacted Black at the Court's direction, because the Court wished to know whether Black had received the motion before it granted that motion as unopposed.  In the context of speaking with him about the motion, it was Black who wrote an e-mail to the Clerk requesting an extension until February 4.  The Clerk's Office responded that it "do[es] not accept request[s] for extensions via email.  If you need additional time you must file a motion via the Court's CM/ECF system.  I suggest that you file that motion as soon as you possibly can."  The Clerk never "asked [Black] to file a request for extension," and this misstatement looks to the Court like Black's attempt to deflect responsibility away from himself for his failure to timely file his response.

Regardless, Black has now submitted a proper motion seeking an extension of time to respond to what he refers to as the SEC's "motion to dismiss." He requests an extension until February 4, 2011, roughly six weeks after the response was originally due.[1]  Local Rule 7(c) permits such motions, "provided request therefor is made *before the expiration of the period originally prescribed*."  Under the federal rules, the Court may, in its discretion, extend the time to respond "if the party failed to act because of excusable neglect."  FED. R. CIV. PRO. 6(b)(1).  To justify his delinquent response, Black explains that he is currently busy on another case.  But a busy schedule is not "excusable neglect."  *E.g.*, *Draper v. KK Ford, LP*, 169 F. App'x 264, 265 (5th Cir. 2006) (per curium) ("A busy practice does not constitute excusable neglect.").  Black demonstrated that he could make a written request for an extension swiftly when he filed the instant motion less than 24 hours after the Clerk contacted him to confirm his receipt of the original motion, despite being in the midst of his ongoing trial.  This request, however, should have been made before the original deadline expired.  Black's motion (Clerk's Doc. No. 10) is too little too late, and will be DENIED.

**2.     The SEC's Motion to Strike**

Because the Jantzens failed to file a timely response, and as a result of the Court's denial of the request for additional time to respond, the SEC's motion is unopposed.  Local Rule CV-7(d) states that "[i]f there is no response filed within the time period prescribed by this rule, the Court may grant the motion as unopposed."  The SEC's arguments are supported by the relevant law.  The Defendants cannot bring a counterclaim without the SEC's consent, which it has not provided.  *See* 15 U.S.C. § 78u(g); *Parklane Hosiery Co. Inc. v. Shore*, 439 U.S. 322, 332 n.17 (1979)

---

[1] The SEC previously agreed to Black's request for an extension until December 5, 2010, to file an answer.

("[C]onsolidation of a private action with one brought by the SEC without its consent is prohibited by statute.") (citing 15 U.S.C. § 78u(g)).  The Defendants' first defense is not an affirmative defense and contains superfluous arguments regarding service of process.  Their second, third, sixth, and seventh affirmative defenses again are not affirmative defenses but rather are denials of what are elements of a prima facie case.  Again, this is not a proper affirmative defense.  *See, e.g.*, *Am. Gooseneck, Inc. v. Watts Trucking Serv., Inc.*, 159 F.3d 1355, 1355 (5th Cir. 1998) (unpublished) ("A denial that an essential element of a claim exists is not the same as an affirmative defense to the claim and need not be included in the answer under rule 8(b).")  Finally, the eighth defense is improper as the government is not subject to equitable defenses unless egregious misconduct by the government is alleged.  The Defendants have alleged no misconduct whatsoever.

Accordingly, the undersigned HEREBY GRANTS Plaintiff's Motion to Strike Defendant Marleen Jantzen's Counterclaim and Certain of Defendants' Affirmative Defenses (Clerk's Doc. No. 8).  Pursuant to FED. R. CIV. P. 12(f), the Jantzens' first, second, third, fourth, sixth, seventh, and eighth affirmative defenses are STRICKEN, and the Jantzens' counterclaim is DISMISSED WITHOUT PREJUDICE.

SIGNED this 25th day of January, 2011.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE